United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) ) ) |
| v. | ) ) Criminal Case No. 22-20429-CR-Scola ) |
| Rigoberto Guerra, Defendant. | ) ) |

**Order Granting Motion for Sentence Reduction**

This matter is before the Court on the Defendant Rigoberto Guerra's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and for appointment of counsel. (Mot., ECF No. 263.) The Government has responded. (ECF No. 264.) Guerra has not replied, and the time to do so has passed. After careful consideration of the parties' written submissions, the record, and the legal authorities, the Court **grants** the motion for reduction of sentence, but **denies** appointment of counsel. (**Mot., ECF No. 263**.)

## 1. Background

On May 1, 2023, the Defendant Rigoberto Guerra was sentenced to a term of imprisonment of 47 months after pleading guilty to one count of possession with intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. § 841(b)(1)(A)(viii). (ECF Nos. 82, 83, 158, 159.) The Sentencing Guidelines range was 57 to 71 months of imprisonment based on an offense level of 25 and a criminal history category of I.

Since Guerra's sentencing, the United States Sentencing Commission issued a sentencing adjustment for certain zero-point offenders ("Amendment 821"), which provides, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors." Guerra now seeks retroactive application of Amendment 821 to the Court's judgment sentencing him to 47 months in prison.

## 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

[I]n the case of a defendant who has been sentenced to a term of

> imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582 (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A). In addition, although Amendment 821 went into effect on November 1, 2023, the policy statement "delays the effective date of orders reducing a defendant's term of imprisonment to a date no earlier than February 1, 2024." U.S.S.G. § 1B1.10 cmt. n. 7. In other words, if a defendant is scheduled for release before February 1, 2024, he is not entitled to relief under Amendment 821.

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

### A. Guerra is entitled to a sentence reduction.

As noted, the retroactive amendment that Guerra invokes here is

Amendment 821—the adjustment for certain zero-point offenders. *See* U.S.S.G. § 4C1.1. Pursuant to Amendment 821, a defendant is eligible for a two-level reduction in his offense level, if he meets all the following criteria:
> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

*See id.*

Here, an analysis of Guerra's case reveals that he is eligible for a sentence reduction pursuant to Amendment 821. Guerra qualifies for the adjustment for zero-point offenders because he meets all the criteria set forth above. In addition, a reduction in Guerra's sentence is consistent with the applicable policy statements.

Specifically, application of the two-level reduction in Guerra's sentence results in offense level of 23, with a new guideline range of 46 to 57 months. Pursuant to the relevant policy statement, the Court cannot reduce Guerra's term of imprisonment below the minimum of the amended guideline range—*i.e.*, below 46 months. *See* U.S.S.G. § 1B1.10(b)(2)(A); *see also Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 2691 (2010) ("The court is also constrained by the Commission's statements dictating by what amount the sentence of a prisoner serving a term of imprisonment affected by the amendment may be reduced." (cleaned up)). Thus, as the Court initially imposed a sentence of 47 months, and the bottom of the amended guideline range is 46 months, the Court is able to reduce Guerra's sentence, but only to 46 months.

Moreover, upon considering the § 3553(a) factors, the Court concludes that Guerra is entitled to a reduction in his sentence. Critically, the Court notes that the Government does not appear to oppose Guerra's motion for a sentence reduction based upon the application of the § 3553(a) factors. (*See generally* Resp., ECF No. 264.)

### B. Guerra is not entitled to appointment of counsel.

Finally, the Court also determines that Guerra is not entitled to appointment of counsel to pursue his motion for reduction of sentence. Courts have uniformly held that defendants do not have a statutory or constitutional right to counsel in these matters. *See United States v. Webb*, 565 F.3d 789, 794-95 (11th Cir. 2009) ("The notion of a statutory or constitutional right to counsel for § 3582(c)(2) motions has been rejected by all of our sister circuits that have addressed the issue, and we agree with this consensus."). Additionally, Guerra establishes no unique facts or circumstances that would warrant the Court's exercise of discretion to appoint counsel here.

### 4. Conclusion

Accordingly, based on the foregoing, it is hereby **ordered and adjudged** that Guerra's motion for reduction of sentence is **granted**, such that his new sentence is 46 months in prison with four years of supervised release. (**Mot., ECF No. 263**.) Finally, Guerra's motion for appointment of counsel is **denied**. (**Mot., ECF No. 263**.)

**Done and ordered** at Miami, Florida on March 5, 2024.

_____
Robert N. Scola, Jr.
United States District Judge